09-2677.101-JCD                                              March 11, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIM MILLER-HUGGINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 09 C 2677 |
| | ) |
| SPACLINIC, LLC, | ) |
| | ) |
|     Defendant. | ) |

## MEMORANDUM OPINION

Before the court is defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

Plaintiff Kim Miller-Huggins brings this action alleging that defendant SpaClinic, LLC ("SpaClinic") violated the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), by issuing her a credit-card receipt on April 17, 2009 that displayed the expiration date of her credit card. Plaintiff seeks to represent a class of consumers to whom SpaClinic allegedly issued receipts that violated FACTA. SpaClinic moves to dismiss the amended class action complaint for failure to state a claim.

The purpose of a 12(b)(6) motion to dismiss is to test the sufficiency of the complaint, not to resolve the case on the merits. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 354 (3d ed. 2004). Under federal

notice-pleading standards, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do.  Id.  The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  When evaluating a motion to dismiss a complaint, we must accept as true all factual allegations in the complaint, but not its legal conclusions.  Id. at 1949-50.

FACTA, an amendment to the Fair Credit Reporting Act (the "FCRA"), was enacted in 2003 to reduce the incidence of identity theft and credit/debit card fraud.  The truncation provision of FACTA states that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction."  15 U.S.C. § 1681c(g)(1).  "Any person who willfully

fails to comply" with FACTA with respect to a consumer is liable to that consumer for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a).

Plaintiff alleges that SpaClinic's failure to comply with FACTA was willful, and she seeks statutory, not actual, damages. SpaClinic contends that plaintiff has failed to adequately plead that SpaClinic's conduct was willful.[1]  In the section of the amended complaint titled "Defendant's Conduct Was Willful," plaintiff alleges:

> 17.   FACTA was enacted in 2003 and gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring compliance for all machines no later than December 4, 2006. Additionally, FACTA was amended effective June 3, 2008 to give merchants an additional opportunity to comply with the expiration date requirements of FACTA.
>
> 18.   Defendant knew or should have known of the truncation requirement; the requirement was widely publicized among retailers.
>
> 19.   Upon information and belief, credit card issuing organizations required compliance with FACTA by contract, in advance of the Act's mandatory compliance date.
>
> 20.   Most of Defendant's business peers and competitors readily brought their credit card and debit card receipt printing process into compliance with FACTA by programming their card machines and devices to comply with the truncation requirement. Defendant could have readily done the same.

---

[1]  We have disregarded defendant's argument to the extent that it attempts to dispute, rather than challenge the sufficiency of, the allegation of willfulness.  The affidavit attached to defendant's motion is thus disregarded as outside the pleadings.  We reject defendant's invitation in its reply brief to treat its motion as a motion for summary judgment.

- 4 -

> 21. Defendant willfully disregarded the mandates of FACTA and continued to use cash registers or other machines or devices that print receipts in violation of the Act.

(Am. Class Action Compl. ¶¶ 17-21.)

The Supreme Court has held that willfulness under the FCRA encompasses both knowing and reckless conduct. See Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 56-57 (2007). "[A] company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69. Recklessness under the FCRA is "something more than negligence but less than knowledge of the law's requirements." Murray v. New Cingular Wireless Servs., Inc., 523 F.3d 719, 726 (7th Cir. 2008).

Pursuant to Iqbal, plaintiff must plead factual content that allows us to draw the reasonable inference that SpaClinic knowingly or recklessly printed the expiration date on her receipt. In the court's view, plaintiff's allegations do not permit the inference that SpaClinic's conduct was anything more than negligent. Plaintiff alleges that FACTA's requirements were well-publicized and that credit card companies required compliance with the statute, but these allegations are not specific to the defendant. The reported decisions cited by plaintiff in support of her opposition to the motion are distinguishable because first, they

predated Iqbal, and second, the plaintiffs in those cases alleged that the defendants had been informed of FACTA's requirements. Miller-Huggins, in contrast, does not allege that SpaClinic had such notice. Her allegation that SpaClinic "willfully disregarded the mandates of FACTA," Am. Class Action Compl. ¶ 21, is conclusory. Accordingly, defendant's motion to dismiss the amended complaint will be granted.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the amended complaint [22] is granted, and the complaint is dismissed without prejudice. Plaintiff is given leave to file a second amended complaint by April 2, 2010 that adequately alleges willfulness, if she can do so. If she chooses not to file a second amended complaint by that date, the case will be dismissed with prejudice. In light of our ruling, plaintiff's motions for class certification [5, 15] are denied without prejudice to the filing of a new motion in the event that a second amended complaint is filed.

Defendant is advised that if plaintiff files a second amended complaint, and defendant wishes to file a dispositive motion that relies on matter that goes beyond the pleadings (such as an affidavit like the one attached to the instant motion to dismiss), the appropriate vehicle would be a motion for summary judgment, not a motion to dismiss.

- 6 -

DATE:          March 11, 2010

ENTER:         _____
               John F. Grady, United States District Judge